# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV394-W

| | |
|---|---|
| PATRICK COWELL and wife, )<br>TERRIE COWELL, )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br> )<br>GASTON COUNTY, FIRST )<br>GASTON BANK OF NORTH )<br>CAROLINA, COUNTRYWIDE )<br>HOME LOANS, INC., and )<br>ZURICH INSURANCE )<br>COMPANY, d/b/a MARYLAND )<br>CASUALTY COMPANY, )<br>NORTHERN INSURANCE )<br>COMPANY OF NEW YORK, )<br>ZURICH GROUP ATLANTA, )<br>and/or PUBLIC RISK, INC., )<br> )<br>Defendants. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' "Motion to Remand" and "Memorandum in Support ..." (both document #8) filed October 13, 2006; and Defendant Gaston County's "Memorandum ... in Opposition ..." (document #18) filed October 30, 2006.

Defendants First Gaston Bank of North Carolina, Countrywide Home Loans, Inc., and Zurich Insurance Company have not responded to or otherwise opposed the Plaintiff's Motion to Remand, and the time for filing further briefs has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Plaintiffs' "Motion to Remand" be <u>granted</u>,

as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from the construction in 2001 of the Plaintiffs' home in Belmont, Gaston County, North Carolina, by nonparty P.C. Boyle, Inc. ("Boyle"). During the construction period, the home was inspected on several occasions by inspectors from the Defendant Gaston County's Inspection Department. Both the construction and permanent loans for the home were made to the Plaintiffs by Defendant First Gaston Bank of North Carolina ("First Gaston"), which sold the permanent loan to Defendant Countrywide Home Loans, Inc. It is undisputed that the Plaintiffs and Defendants Gaston County and First Gaston are North Carolina citizens.

The Defendant Zurich Insurance Company ("Zurich") is the issuer of the County's liability insurance policy.

Accepting the allegations of the Complaint as true, sometime after the permanent loan was closed in late 2001, the Inspection Department refused to issue a certificate of occupancy, citing numerous violations of the North Carolina Building Code, which the County's building inspectors allegedly had failed to discover earlier.

At some point, the Plaintiffs pursued binding arbitration with Boyle, but were dissatisfied with the outcome of that proceeding.

On August 10, 2006, the Plaintiffs filed their Complaint in the Superior Court of Gaston County, North Carolina, alleging twelve state law claims for damages (negligence, gross negligence, negligent infliction of emotional distress, beach of contract, fraud, breach of fiduciary duty, tortious interference with contract, bad faith insurance practices, unfair and deceptive trade practices, unfair insurance practices, punitive damages, and fair compensation for inverse condemnation), as well as a state law claim for a declaratory judgment that the County's alleged negligence and the Plaintiff's

losses were covered under Zurich's policy. The factual nexus of the Plaintiffs' claims is that the County was negligent in its inspection of the home, that First Gaston was negligent in allowing the permanent loan to be closed without first verifying that a certificate of occupancy had been issued, that all four Defendants "interfered" with the arbitration proceeding to the Plaintiffs' detriment, and that the Defendant County continues to levy and attempt to collect residential property taxes on the home.

Relevant to the subject Motion to Remand, the Plaintiffs' Twelfth Claim for Relief, entitled "Fair Compensation From Inverse Condemnation," states:

> the continued taxation and charges by Gaston County on the property, while refusing to issue a certificate of occupancy is the equivalent of a taking under the power of eminent domain. Such talking is in violation of the law of the land clause of the North Carolina Constitution, Art. I § 19, in that plaintiffs have been disseized [sic] of their freehold, or privileges, and have been deprived of their property, in violation of the law of the land. <u>Additionally or alternatively, Gaston County's selective enforcement of the building code is arbitrary and capricious and constitutes a denial of the equal protection of the law</u>.

"Complaint" at Paragraph 114, Exhibit 1 to Document #1 (emphasis added).

On September 15, 2006, the Defendant County unilaterally removed the state court action to the United States District Court for the Western District of North Carolina, citing the above-emphasized portion of the Plaintiffs' Twelfth Claim for Relief, and concluding without further elaboration that "accordingly, this action may be removed to this federal court by Defendant Gaston County pursuant to the provisions of 28 U.S.C. § 1441(a)." "Notice of Removal ..." at 2 (document #1). The same day, a copy of the Notice of Removal was served on counsel for all parties via first class mail. See Id. at 3.

Although Defendants First Gaston and Zurich, along with the County, have filed Motions to Dismiss the Complaint (documents ## 11, 12 and 15), none of the other Defendants have consented to or otherwise joined in the County's decision to remove this case to federal court.

3

On October 13, 2005, the Plaintiffs filed their Motion to Remand, contending that there is no basis for federal question subject matter jurisdiction.

In its Response, the County concedes that the Plaintiffs' Twelfth Claim for Relief does not expressly arise under or invoke federal law or the United States Constitution, that is, that the phrase "equal protection of the law" refers only to the North Carolina Constitution. The County contends, however, that because North Carolina courts interpret the State's equal protection clause analogously with the equal protection clause of the Fourteenth Amendment to the United States Constitution, "federal law and considerations are ... implicated" and that subject matter jurisdiction is, therefore, proper.

The Plaintiffs' Motion has been briefed as set forth above and is ripe for determination.

## II. DISCUSSION

At the outset, the undersigned notes that the Plaintiffs' motion to remand is timely. See 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

4

The party seeking federal jurisdiction, in this case, the Defendant County, has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

It is well-established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). Because the citizenship of the parties is not diverse, the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit has stated:

> Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes <u>either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Moreover, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action [and t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369-70 (4th Cir. 2001), citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

As the County points out in its brief, North Carolina courts have interpreted North Carolina's

5

constitutional due process and equal protection clauses analogously with their federal counterparts in the 14th Amendment. See, e.g., Simeon v. Hardin, 339 N.C. 358, 377, 451 S.E. 2d. 858, 871 (1994) (as to due process clause), citing Bulova Watch Co. v. Brand Distributors, 285 N.C. 467, 474, 206 S.E.2d 141, 146 (1974) (in construing provisions of the North Carolina Constitution, the meaning given by the United States Supreme Court to even an identical term in the United States Constitution is not binding on North Carolina courts but is highly persuasive); In re Moore, 289 NC 95, 99, 221 SE 2d. 307, 309 (1976) (interpreting "equal protection" clause); and In re Lamm, 116 N.C.App. 382, 384-85, 448 S.E. 2d 125, 128 (1994) (interpreting "due process" clause).

Accordingly, the County argues, "a [p]laintiff cannot plead a due process or equal protection claim under the state constitution without simultaneously pleading a claim under the U[nited] S[tates] Constitution." "Memorandum ... in Opposition ..." at 5 (document #18). The Defendant has not cited, however, and the undersigned is unaware of, any authority – whether state or federal – considering, much less supporting, this conclusion. Rather, the decisions that the County relies upon demonstrate that the reverse is true, that is, North Carolina courts routinely and ably apply federal and state precedent when considering claims arising under the state due process and equal protection clauses, and such determinations do not amount to resolution of substantial questions of federal law sufficient to support federal subject matter jurisdiction. See, e.g., Simeon, 339 N.C. at 377, 451 S.E. 2d. at 871; In re Moore, 289 NC at 99, 221 SE 2d. at 309; Bulova Watch Co., 285 N.C. at 474, 206 S.E.2d at 146; and In re Lamm, 116 N.C.App. at 384-85, 448 S.E. 2d at 128.

Moreover, although there is no Fourth Circuit authority on point, courts in other circuits have held that federal question jurisdiction does not arise when a state court plaintiff looks to federal law – even expressly, which has not occurred here – to provide a standard of care or conduct, or otherwise refers to federal authority to support his contention that a defendant violated state law. See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Montana, 213

6

F.3d 1108, 1113 (9th Cir. 2000) ("[t]he fact that ARCO's complaint makes repeated references to CERCLA does not mean that CERCLA creates the cause of action under which ARCO sues"); Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994) (the "violation of a federal standard as an element of a state tort recovery does not change the state tort nature of the action"); and Kravitz v. Homeowners Warranty Corp., 542 F.Supp. 317, 319 (E.D. Pa. 1982) (holding that plaintiffs' cause of action "was rooted in" state law and that the state courts "[were] fully competent to interpret the Magnuson-Moss" warranty standards, remanding to state court).

In short, where the Plaintiffs clearly limited their Complaint to state constitutional, statutory, and common law claims, the fact that an alleged violation of the Plaintiffs' rights under the North Carolina constitution might also amount to a violation of their rights under the United States Constitution is insufficient to support federal question jurisdiction. Accordingly, the undersigned will respectfully recommend that the Plaintiffs' Motion to Remand be granted.

Additionally, even if a sufficient basis for removal had existed, the Defendant County's removal from state court was also procedurally defective.

In removing a case from state to federal court, the removing parties must comply with 28 U.S.C. § 1446(a), which provides:

> A defendant or defendants desiring to remove any civil action from the state court ... shall file ... a notice of removal ... together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

It is well settled in the Fourth Circuit that in actions with multiple defendants, 28 U.S.C. §§ 1441 and 1446 require that all defendants join in or consent to the notice of removal within 30 days of their respective receipts of service of the Summons and Complaint. Accord McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 925 (4th Cir. 1992) (in cases with multiple defendants, each defendant must join petition for removal within thirty days of receiving service of process); Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985) (same);

Branch v. Coca- Cola Bottling Co. Consl., 83 F.Supp.2d 631, 634 (D.S.C. 2000) (same); Freeman v. Bechtel, 936 F.Supp. 320, 325 (M.D.N.C. 1996)(same); and Aguiar v. Evans, 607 F. Supp. 1418, 1419 (E.D. Va. 1985) (same). Further, failure of even one defendant to timely join in the notice of removal is a fatal defect to federal jurisdiction requiring the case be remanded to state court. See, e.g., Prize Frize, Inc., v. Matrix, 167 F.3d 1261 (9th Cir. 1999); Cades v. H& R. Block, Inc., 43 F. 3d 869, 873 (4th Cir. 1994); and McKinney, 955 F.2d at 925.

Although district courts in this circuit have not required that each defendant sign the Notice of Removal, each defendant's timely consent must be made "officially and unambiguously," typically through filing a "Consent to Removal." Parker v. Johnny Tart Enterprises, Inc., 104 F.Supp.2d 581, 583 (M.D.N.C. 1999). Accord Branch, 83 F.Supp.2d at 634; Freeman, 936 F.Supp. at 325; and Aguiar, 607 F. Supp. at 1419.

It is undisputed that the Defendant County acted alone in removing this case to federal court, that none of the remaining Defendants have joined in the removal, and that the time for doing so has long expired. Indeed, only the County has even opposed the Plaintiffs' Motion to Remand. For this reason as well, the undersigned respectfully recommends that the Plaintiff's Motion to Remand be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that the Plaintiffs' "Motion to Remand" (document #8) be **GRANTED,** and that this matter be **REMANDED** to the Superior Court of Gaston County, North Carolina.

### IV. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and

Order.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: November 15, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge